# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ODICHO NARSA IECHO, | : | No. 4:08-CV-1019 |
| --- | --- | --- |
| Petitioner, | : | |
| | : | Judge John E. Jones III |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| MARY E. SABOL, et al., | : | |
| Respondents. | : | |

## MEMORANDUM

### May 7, 2009

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Rec. Doc. 8) which recommends that we deny Odicho Narsa Iecho's petition for writ of habeas corpus made pursuant to 28 U.S.C. § 2241 (Rec. Doc. 1) and the we subsequently dismiss this case. No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report

---

[1] Objections were due by July 28, 2008. To this date, none have been filed.

1

before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. BACKGROUND

Petitioner Odicjo Narsa Iecho is a native and citizen of Syria who entered the United States in 1986 as a lawful permanent resident. In June 1994, Iecho was convicted of burglary in Cook County, Illinois. In February 2006, Iecho was convicted of access device fraud in United States District Court for the Northern District of Illinois. In September 2006, Petitioner was charged with being subject to removal from the United States because he had been convicted of two crimes involving moral turpitude. After a sequence of appeals an Immigration Judge's

2

decision to order Petitioner removed from the United States was affirmed. The Third Circuit Court of Appeals denied Petitioner's petitioner for review. The Petitioner proceeded to file the instant habeas action. Through a well-reasoned R&R dated July 10, 2008, Magistrate Judge Smyser recommended that we deny the petition for lack of jurisdiction and close the case.

As we have already mentioned, neither Defendants nor the Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case sub judice.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ODICHO NARSA IECHO, | **CIVIL NO. 4:08-CV-1019** |
| Petitioner | (Judge Jones) |
| v. | (Magistrate Judge Smyser) |
| MARY E. SABOL, et al., | |
| Respondents | |

## **REPORT AND RECOMMENDATION**

On May 23, 2008, the petitioner, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner is an alien in the custody of U.S. Immigration and Customs Enforcement (ICE). For the reasons set forth below, we recommend that the petition be dismissed.

The petitioner is a native and citizen of Syria. *Petition* at ¶8. He entered the United States in 1986 as a lawful permanent resident. *Id.*

On June 28, 1994, the petitioner was convicted of burglary in the Circuit Court of Cook County, Illinois. *Id.* at ¶14. He was sentenced to two years probation. *Id.*

On February 13, 2006, the petitioner was convicted of access device fraud in the United States District Court for the Northern District of Illinois. *Id.* at ¶15. He was sentenced to four months imprisonment. *Id.*

By a Notice to Appear dated September 1, 2006, the petitioner was charged with being subject to removal from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) because he had been convicted of an aggravated felony and pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii) because he had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. *Doc. 2, Exhibit 1.* The charge of being subject to removal because of an aggravated felony conviction was subsequently withdrawn and then reinstated. *Doc. 2, Exhibits 2 & 3.*

On January 23, 2007, an Immigration Judge (IJ) granted the petitioner's application for cancellation of removal pursuant to 8 U.S.C. § 1229b. *Doc. 2, Exhibit 5.*

ICE filed an appeal of the IJ's order with the Board of Immigration Appeals (BIA). *Doc. 2, Exhibit 6.*

2

In response to ICE's appeal to the BIA, the petitioner claimed that ICE had failed to properly perfect its appeal of the IJ's order. *Doc. 2, Exhibit 7.* The BIA's Notice of Appeal form asks a number of questions of the appellant. *Doc. 2, Exhibit 6.* Question 5 on the Notice of Appeal form asks: "What decision are you appealing?" and then instructs the appellant to mark one of three boxes. *Id.* ICE failed to mark any of the three boxes in response to Question 5. *Id.* The petitioner claimed that by failing to mark any of the three boxes ICE failed to properly perfect its appeal of the IJ's decision. *Doc. 2, Exhibit 7.* By a Decision dated April 30, 2007, the BIA sustained ICE's appeal, vacated the IJ's decision granting the petitioner's application for cancellation of removal and remanded the record to the IJ. *Doc. 2, Exhibit 8.* The BIA noted in a footnote to its decision that the petitioner's argument that the Notice of Appeal completed by ICE was incomplete was without merit. *Id.*

By an Order dated August 13, 2007, the IJ ordered the petitioner removed from the United States but granted the petitioner's application for withholding of removal under the Convention Against Torture. *Doc. 2, Exhibit 9.* ICE filed an appeal of that Order to the BIA. *Doc. 2, Exhibit 10.* By a decision dated January 25, 2008, the BIA sustained ICE's appeal,

3

vacated the IJ's decision granting withholding of removal and ordered the petitioner removed. *Doc. 2, Exhibit 11.*

The petitioner filed a petition for review with the United States Court of Appeals for the Third Circuit. *Iecho v. Attorney Gen. USA, 08-1520 (3d Cir.).* By an Order dated March 17, 2008, Judge McKee temporarily granted an emergency motion filed by the petitioner to stay removal pending a decision by a full panel of the Court. *Doc. 2, Exhibit 13.* By an Order dated May 20, 2008, the Court upon further review vacated the March 17, 2008 Order granting a temporary stay and denied the motion for a stay of removal, finding that the petitioner had failed to satisfy the standard for obtaining a stay of removal in that he had failed to demonstrate a likelihood of success on the merits of his petition. *Doc. 2, Exhibit 14.*

As indicated above, on May 23, 2008, the petitioner filed the instant petition for a writ of habeas corpus. Also on May 23, 2008, the petitioner filed an emergency stay of removal.

By an Order dated May 27, 2008, the undersigned denied the petitioner's emergency motion for a stay of removal on the basis that on May 20th the Third Circuit had denied a motion by the petitioner for a stay of removal and on the basis that the

petitioner did not show a likelihood of success on the merits of his habeas petition. By a separate Order dated May 27, 2008, the respondents were ordered to show cause on or before June 16, 2008 why the petitioner should not be granted habeas corpus relief.

On June 4, 2008, the respondents filed a response to the petition. On June 17, 2008, the petitioner filed a reply.

The petitioner claims that ICE failed to properly perfect its appeal of the IJ's January 23, 2007 order and that his continued detention is therefore unlawful on both statutory and constitutional grounds.

Pursuant to 8 U.S.C. § 1252(a)(5) (as amended by the Real ID Act of 2005, Pub.L. 109-13, 119 Stat. 231), this court does not have jurisdiction to consider the petitioner's claim. 8 U.S.C. § 1252(a)(5) provides, in pertinent part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.

5

Subsection (e) of § 1252, which deals with judicial review of removal orders entered under the expedited removal procedures set forth in 8 U.S.C. § 1225(b)(1), is not applicable in this case.

Although the petitioner attempts to frame his petition as a challenge to his detention, we conclude that his claim is in fact a challenge to his removal order. He claims that the BIA failed to perfect its appeal of the IJ's January 23, 2007 Order. He argues that the BIA should have either dismissed ICE's appeal or not recognized the appeal as a valid appeal. He argues that therefore his detention is illegal. His argument is in essence that his detention is illegal because of the subsequent removal order which would not have been entered had the BIA not accepted ICE's appeal. This is a challenge to the removal order. This court does not have jurisdiction to review the petitioner's removal order.[1]

---

[1] If the petition is seen not as a challenge to the petitioner's removal order but a proper challenge to the petitioner's detention, then we would conclude that the petitioner's claim is without merit. The BIA properly determined that the petitioner's argument that the appeal form completed by ICE was incomplete had no merit. The petitioner has not shown any prejudice to him that flowed from ICE's failure to check a box on the appeal form. Additionally, as the respondents point out any challenge to the petitioner's detention based on *Zadvydas v. Davis*, 533 U.S. 678 (2001), is premature.

Based on the foregoing, it is recommended that the petition be dismissed and that the case be closed.

> **/s/ J. Andrew Smyser**
> J. Andrew Smyser
> Magistrate Judge

Dated: July 10, 2008.

7